# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| BLACK, DAVIS, and SHUE | * | |
| AGENCY, INC., | * | |
|     Debtor | * | Case No.:1-06-bk-00051MDF |
| | * | |
| | * | |
| BLACK, DAVIS and SHUE | * | |
| AGENCY, INC., | * | |
|     Plaintiff | * | |
| | * | Adversary No.:1-11-ap-00160MDF |
| vs. | * | |
| | * | |
| FRONTIER INSURANCE COMPANY | * | |
| IN REHABILITATION, | * | |
|     Defendant | * | |

## OPINION

Frontier Insurance Company in Rehabilitation ("Frontier") filed two proofs of claim in the bankruptcy case of Black, Davis and Shue Agency, Inc. (Debtor). Debtor filed counterclaims against Frontier to which Debtor and its insurer, Westport Insurance Corp. ("Westport"), filed objections. After Debtor filed counterclaims against Frontier, the matter was converted into an adversary proceeding. Before me is Frontier's motion to dismiss (the "Motion") two counts asserted by Debtor in its Amended Complaint. For the reasons set forth below, the Motion will be granted.[1]

---

[1] This Court has jurisdiction over the matters raised in the Amended Adversary Complaint pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core pursuant to 28 U.S.C. § 157(a)(2)(A), (B), (C) and (O).

## I. Procedural History

The background of this case was set forth in detail in this Court's prior Order entered on February 2, 2012 ("February 2 Order") and will not be repeated here.[2] A brief description of the parties and the genesis of the Amended Complaint follows.

Debtor is an insurance agency located in Harrisburg, Pennsylvania. Prior to 2001, Frontier was an insurance carrier headquartered in New York. Frontier and Debtor executed an insurance agency agreement in October 2000 (the "Agency Agreement"). Under the terms of the Agency Agreement, Frontier was to underwrite workers' compensation insurance, and Debtor was to act as its agent by marketing and servicing policies for professional employer organizations ("PEOs"). The Agency Agreement also involved the creation of an offshore insurance provider, formed by Debtor's principals and a third party, to reinsure the policies issued by Frontier.

In the February 2 Order, Count III of Debtor's original complaint, in which Debtor alleged Frontier had breached its fiduciary duty to Debtor, was dismissed for failure to state a claim on which relief can be granted. Count VII of the complaint, in which Debtor alleged Frontier made certain negligent or intentional misrepresentations upon which it relied, was dismissed for failure to plead fraud with sufficient specificity. Although both counts were dismissed, the Court granted Debtor leave to file an Amended Complaint to address these

---

[2]The original complaint consisted of eight counts: Count I – breach of contract; Count II – negligence; Count III – breach of fiduciary duty; Count IV – breach of the covenant of good faith and fair dealing; Count V – unjust enrichment; Count VI – promissory estoppel; Count VII – negligent and intentional misrepresentation; and Count VIII – defamation/false light. In the February 2, 2012 Order, Counts II, VI, and VIII were dismissed and Counts III and VII were dismissed with leave to file an amended complaint.

deficiencies. Debtor filed an Amended Complaint on March 5, 2012, and Frontier filed the Motion requesting dismissal of these two counts under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[3]

## II. Background

*A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir. 1991), *cert. denied*, 111 S. Ct. 2839 (1991). The court need not determine if the non-moving party ultimately will prevail, but only whether the plaintiff is entitled to relief under any set of facts that could be proved consistent with the properly pleaded allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations

---

[3]The parties have relied primarily on New York law in their briefs. This agreement is sufficient to find that New York law governs the state law claims asserted in the Amended Complaint. *Schiavone Const. Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984); *see also Krumme v. WestPoint Stevens, Inc.*, 238 F.3d 133, 138 (2d Cir. 2000).

3

contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S. Ct. at 1948-49.

*Iqbal* established a two-step process to determine whether relief should be granted under Rule 12(b)(6). A court must first identify pleadings that are conclusory and, therefore, not entitled to a presumption of truth. Second, a court must assume that well-pleaded factual allegations are true. Examining the factual allegations alone, the court must then determine whether those allegations give rise to a plausible claim for relief. "If Plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Ellington Credit Fund, Ltd v. Select Portfolio Servicing, Inc.,* ___ F. Supp. 2d ___, 2011 WL 6034310, *5 (S.D.N.Y. December 5, 2011) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955).

    *B. The allegations of Counts III and VII*

Assuming that the factual allegations are true for the purposes of resolving the Motion, Debtor bases its claim for breach of fiduciary duty on two theories. Debtor argues that a fiduciary relationship arose between Debtor and Frontier both through the Agency Agreement entered into between the parties and as a consequence of their "confidential relationship." The confidential relationship was created by Frontier's superior position under the contract and Debtor's reliance on Frontier's control of the PEO Program. Debtor asserts that Frontier ignored its fiduciary responsibilities when it intentionally or recklessly failed to disclose material facts about its operational status and inability to fulfill its obligations under the Agency Agreement. Debtor states that Frontier failed to inform Debtor that it was on the verge of insolvency when the PEO Program was initiated and that it lacked the staffing and other resources necessary to perform under the Agency Agreement. According to Debtor, because Frontier was in dire financial straits, it amended underwriting guidelines after the Agency Agreement was in place to increase its

4

profits. These unilateral changes were detrimental to insureds under the PEO Program and to Debtor. Due to cuts in Frontier's operations, it failed to correctly process premium information provided to it by Debtor.

Debtor asserts that it incurred substantial damages due to Frontier's breaches including "lost commissions, lost business, lost business opportunities, lost profits, loss of business reputation and good will, attorney fees and costs in defending itself in state and federal court." Amended Complaint, ¶ 147.

In Count VII of the Amended Complaint, Debtor states that various named managers of Frontier either intentionally or negligently made false representations to Debtor upon which it justifiably relied to its detriment. The misrepresentations involve the failure of Frontier to advise Debtor that it: "engaged in poor internal business practices and gross mis-management;" was experiencing financial difficulties and implementing changes to its internal procedures; had lost key personnel and was using staff that lacked competency to administer the PEO Program; and had amended underwriting guidelines to make certain risks ineligible for coverage in order to save costs. Amended Complaint, ¶ 161(a)-(e). Debtors also assert that Frontier required that "rating debits/credits to be applied on characteristics of individual risks indicating a misunderstanding of the PEO business and or intent to obtain higher profit to [Frontier] and misplaced and misunderstood premium information provided by Debtor." Amended Complaint, ¶ 161(f)-(g). As an example of Frontier's negligence, Debtor states that Frontier agreed to supply a "cut through" endorsement covering the first year of the PEO Program from Claredon Insurance. Later Frontier informed Debtor that the coverage would only be available for approximately one month. Amended Complaint ¶ 161(h)-(i). Other instances demonstrating

5

Frontier's negligence or intentional wrongdoing include: Frontier's failure to provide facultative reinsurance for all of the accounts as promised; Frontier's refusal to accept new business and to issue policies as required under the Program; and Frontier's withdrawal from the market following termination of the Agency Agreement without notifying Debtor. Amended Complaint ¶ 161(j)-(m).

Debtor asserts that it suffered damages related to these acts "for commissions owed on premiums that should have been collected on the audit in excess of $75,000"; for compensatory and punitive damages; for loss of good will; "for damages awarded to [Frontier] against [Debtor]" on Frontier's claim; and for costs and fees. Amended Complaint ¶ 169.

### III. Discussion

*A.     Count III – breach of fiduciary duty*

To state a claim for breach of fiduciary duty, Debtor must allege sufficient facts from which the Court could find that Frontier owed a fiduciary duty to Debtor. New York courts have held that a fiduciary duty exists when a party "reposes confidence in another and reasonably relies on the other's superior expertise or knowledge." *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 550 (S.D.N.Y. 2007) (citing *WIT Holding Corp. v. Klein*, 282 A.D.2d 527, 528, 724 N.Y.S.2d 66, 68 (App. Div. 2001)) (other citations omitted). But a fiduciary obligation is not imposed on a party to a transaction simply because one party has greater expertise on a subject than does the other party. *Id.*; *see also Boley v. Pineloch Assoc., Ltd.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) ("Allegations of reliance on another party with superior expertise, standing by themselves, will not suffice.")

6

" 'A fiduciary relation exists between two persons when one of them is under a duty to act or to give advice for the benefit of the other upon matters within the scope of the relation.' " *Lumbermens Mut. Cas. Co. v. Franey Muha Alliant Ins. Servs*, 385 F. Supp. 2d 292, 305 (S.D.N.Y. 2005) (quoting *Bank of Am. Corp. v. Lemgruber*, 358 F. Supp. 2d 200, 224 (S.D.N.Y. 2005) (internal quotes omitted)). "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382,389, 521 N.Y.S. 2d 653,656, 516 N.E.2d 190, 193 (1987). "If a contract establishes a relationship of trust and confidence between the parties, . . . then a fiduciary duty arises from the contract which is independent of the contractual obligation." *Lumbermens,* 385 F. Supp. 2d at 305 (quoting *GLM Corp. v. Klein*, 665 F. Supp. 283, 286 (S.D.N.Y. 1987)). This duty emerges from a relationship of trust and confidence such as in a lawyer/client relationship or a general partner/limited partners relationship. *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC.*, 376 F. Supp. 2d 385, 408 (S.D.N.Y. 2006). Unless there is express language in a contract or an extended course of dealings between the parties, however, fiduciary duties normally do not arise in commercial transactions. *Henneberry*, 532 F. Supp. 2d at 551 (citing *DFP Mfg. Corp. v. Northrop Grumman Corp.*, No 97 Civ. 4494, 1999 WL 33458384, *9 (E.D.N.Y. March 23, 1999)).

      Debtor premises its contention that Frontier owes it a fiduciary duty primarily on Frontier's superior position as the principal under the Agency Agreement. Although Frontier certainly possessed greater knowledge of its internal operations and financial status than did Debtor, this situation is unremarkable and would be true in most business transactions. Debtor has not alleged facts that would support its assertion that the fronting services provided by

7

Frontier in the PEO Program imposed fiduciary obligations upon Frontier. Debtor's trust in Frontier's advice and counsel regarding the conduct of the PEO Program was not unlike "the type parties normally seek before entering an arms-length transaction, and there is no basis for concluding that the transaction was not made at arms length." *Atlantis Information Tech. v. CA, Inc.*, 485 F. Supp. 2d 224, 232 (E.D.N.Y. 2007) (quoting *Rogers v. HSN Direct Joint Venture*, No. 97 Civ. 7710, 1998 WL 566804, *3 (S.D.N.Y. Sept. 4, 1998)). Further, even if Debtor had adequately alleged the existence of a fiduciary duty flowing from Frontier to Debtor, the substance of the allegations are included in Count I of the Amended Complaint seeking damages for breach of contract. "A cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand." *William Kaufman Org., Ltd. v. Graham & James LLP*, 269 A.D.2d 171, 703 N.Y.S.2d 439, 442 (1st Dep't 2000) (citation omitted). Debtor has failed to allege sufficient facts to support a plausible claim for breach of fiduciary duty; accordingly, Count III will be dismissed.

  B. *Count VII – negligent and intentional misrepresentation*

Debtor asserts that Frontier made false statements or failed to disclose material information regarding the PEO Program either negligently or intentionally. When a plaintiff has alleged a breach of contract claim, a count sounding in tort may be heard only if the tort count alleges facts that are outside the contract. *R.H. Damon & Co., Inc. v. Softkey Software Products, Inc.*, 811 F. Supp. 986, 992 (S.D.N.Y. 1993); *Ellington Credit,* 2011 WL 6034310 at *22 ("[A] cause of action sounding in fraud cannot be maintained when the only fraud charged relates to a breach of contract.") (citing cases); *Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 899 (2d Cir.

8

1980) ("If the only interest at stake is that of holding the defendant to a promise, the courts have said that the plaintiff may not transmogrify the contract claim into one for tort[.]")

When a fraud claim is asserted in connection with a breach of contract claim, as it is here, the plaintiff must either: "(i) 'demonstrate a legal duty separate from the duty to perform under the contract'; (ii) 'demonstrate a fraudulent misrepresentation collateral or extraneous to the contract'; or (iii) 'seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.'" *Ellington Credit,* 2011 WL 6034310, at *22 (quoting *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)). As this Court noted in the discussion of Debtor's claim for breach of fiduciary duty, Debtor has failed to describe any facts that would support a finding that Frontier owed a separate legal duty to Debtor. Therefore, there are insufficient facts to support a plausible claim that Frontier owed Debtor a legal duty separate from the Agency Agreement. As to Debtor's claim for special damages that otherwise would not be recoverable under the Agency Agreement, although Debtor has made a demand for punitive damages, it has failed to plead that Frontier's actions were "morally culpable," which finding is required to award punitive damages in a fraud case. *Treped v. Abdoulaye*, 185 F. Supp. 2d 308, 311 (S.D.N.Y. 2002). Therefore, the only remaining basis for preserving Count VII is Debtor's assertion of a plausible claim for fraudulent misrepresentation that is collateral or extraneous to the contract.

Debtor has cited thirteen instances in paragraph 161 to illustrate a pattern of misrepresentation of material facts. Other than Frontier's failure to advise Debtor regarding its general financial condition and alleged staffing problems (which this Court already has determined Frontier had no duty to disclose), all of the claimed misrepresentations address

9

Frontier's responsibility to provide fronting services through the Agency Agreement. Accordingly, these facts, even if true, do not support a cause of action for negligent or intentional misrepresentation extraneous and collateral to the Agency Agreement.

Another approach to determine whether a fraud claim asserts facts extraneous and collateral to the contract, used by the District Court for the Southern District of New York, is to compare the tort claim for damages to the contract claim. *Softkey Software,* 811 F. Supp. at 992. When a plaintiff seeks the same recovery on a fraud claim that he is pursuing on a contract claim, the fraud claim simply duplicates the contract claim and should be dismissed. *Id*. Here, Debtor has not alleged that the injury suffered from Frontier's misrepresentations produced an injury different from that suffered through the breach of the Agency Agreement. The claims for relief under Count I and Count VII are identical. Accordingly, Frontier's motion to dismiss Count VII of the Amended Complaint will be granted.

### IV. Conclusion

For the foregoing reasons, Frontier's motion to dismiss Counts III and VII of Debtor's Amended Complaint will be granted. An appropriate order follows.

**By the Court,**

_____
Chief Bankruptcy Judge

Date: June 27, 2012

10