IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| BLACK, DAVIS, and SHUE | * | |
| AGENCY, INC., | * | |
|     Debtor | * | Case No.: 1-06-bk-00051MDF |
| | * | |
| FRONTIER INSURANCE COMPANY | * | |
| IN REHABILITATION, | * | |
|     Claimant | * | |
| | * | |
| vs. | * | Objection to proof of claim |
| | * | |
| BLACK, DAVIS and SHUE | * | |
| AGENCY, INC., | * | |
|     Objectant | * | |

*************************************************************************

| | | |
|---|---|---|
| | * | |
| BLACK, DAVIS and SHUE | * | |
| AGENCY, INC., | * | |
|     Plaintiff | * | |
| | * | Adv. No.: 1-11-ap-00160MDF |
| vs. | * | |
| | * | |
| FRONTIER INSURANCE COMPANY | * | Debtor's counterclaim |
| IN REHABILITATION, | * | |
|     Defendant | * | |
| | * | MOTION FOR PARTIAL |
| | * | SUMMARY JUDGMENT |

## OPINION [1]

Frontier Insurance Company in Rehabilitation ("Frontier") filed a Motion seeking partial summary judgment in its favor in the adversary commenced by Black, Davis and Shue ("BDS" or "Debtor") in which BDS asserted various counterclaims to Frontier's proofs of claim. For the reasons that follow, Frontier's Motion will be denied.

---

[1] This Court has jurisdiction over the matters adjudicated in this Opinion pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core pursuant to 28 U.S.C. § 157(a)(2)(A), (B), (C) and (O).

## I. Background

In October 2000, Frontier Insurance Company ("FIC") and BDS agreed to enter into a certain Agency Agreement whereby FIC would act as a fronting insurance carrier for a professional employee organization program and BDS would serve as Frontier's agent. Both parties assert that the other party breached the Agency Agreement. FIC filed suit against BDS in the Southern District of New York in 2005. After an adverse ruling by the district court, BDS filed a Chapter 11 bankruptcy petition in this Court in 2006. Before Debtor filed its petition, FIC had been placed into receivership under New York state law.

In April 2006, Frontier Insurance Company in Rehabilitation ("Frontier") filed proofs of claims of \$3,115,613 and \$2,885,515[2] in Debtor's Chapter 11 case. Debtor objected to Frontier's claims and filed counterclaims, which were incorporated in the Complaint that commenced the above-captioned adversary case. Five of the original eight counts were dismissed in Opinions issued by this Court on February 2, 2012 (the "February Opinion") and June 27, 2012. Debtor is currently pursuing the three remaining counts of breach of contract, unjust enrichment, and breach of the covenant of good faith. The lengthy history of the parties' contractual relationship, Debtor's breach of the AgencyAgreement, and the instant litigation were recounted in detail in the February Opinion, which is adopted herein by reference.

Certain factual findings in the February Opinion pertaining to the breach of contract allegations against Debtor are the focus of the matter now before me. Of particular relevance is my finding that Debtor breached the Agency Agreement when it collected total premiums of at

---

[2]These claims, later amended to add interest, currently are filed in the amounts of \$4,288,705.00 and \$4,205,181.79 respectively.

2

least $3,651,935.79, but remitted only $597,000.00 of those funds to Frontier. I also found that Debtor breached the Agency Agreement by transferring $1,563,720.03 of the total collected premiums to Congressional Re, a third party.

In the within Motion, Frontier asserts that its remaining claim against Debtor for premiums that were collected and n0ot remitted ($1,491,215.76) exceeds any potential counterclaim Debtor can assert against Frontier. Therefore, Frontier argues, summary judgment should be granted in its favor on the amount that the Court has determined that Debtor wrongfully transferred to a third party – $1,563,720.03.[3]

At this juncture, the three counts of Debtor's Complaint have not been decided. In its breach of contract claim, Debtor asserts that it is entitled to actual damages of up to $1.2 million against Frontier. Debtor's claims for unjust enrichment and breach of good faith do not contain an estimate of damages other than to state that the amount of each claim exceeds $75,000. Frontier's request for partial summary judgment does not attack the substance of Debtor's three remaining claims, but asserts that its remaining claim of $1,491,215.76 will exceed the amount of damages asserted in Debtor's counterclaim. Therefore, Frontier requests partial judgment in the amount of $1,563,720.03, which Frontier asserts would not be subject to offset against Debtor's claims against Frontier.[4] For the reasons that follow, Frontier's Motion will be denied.

---

[3]The Motion was filed in the adversary case, but Frontier's claim was first asserted in the proofs of claim filed in the main case. Because the decision on the Motion relates both to the claims filed and the adversary case, this Opinion will be docketed in both the main and adversary cases.

[4]Frontier seeks a partial judgment at this time in order to commence a declaratory judgment action against the Debtor's insurance carrier, Westport Insurance Corp. Westport denied coverage under its policy issued to Debtor with respect to Frontier's claims and filed a declaratory judgment action in the United States District Court for the Middle District of

3

## III. Discussion

*A. Standard for summary judgment*

A motion for summary judgment seeks resolution of a controversy based on the pleadings alone. A court is required to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056 incorporating Fed. R. Civ. P. 56(c). In requesting summary judgment, the movant "has the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact." *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990). The respondent then "must establish the existence of each element on which it bears the burden of proof." *Id.* (citing *Celotex v. Catrett,* 477 U.S. 317, 323 (1986)). "The non-movant is entitled to all reasonable inferences in its favor, [and] . . . the non-movant's evidence must be credited at this stage." *Feeser,* 909 F.2d at 1531 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)). "[A] party against which summary judgment is sought must be afforded a 'reasonable opportunity to elicit information within the control of his adversaries'" before summary judgment may be entered against him. *In re Dana Corp.*, 574 F.3d 129, 149 (2nd Cir. 2009) (quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980)).

---

Pennsylvania against Debtor as its insured, seeking a determination that its policy does not provide coverage. Frontier is not a party to that action. On May 30, 2007, the District Court issued a Memorandum Opinion in that action finding that under its policy Westport was obligated to provide Debtor with a defense of the Frontier claims, but reserved judgment on the issue of whether Westport was obligated to indemnify Debtor, pending a determination of Frontier's claims in this Court. If judgment were granted on Frontier's motion, Frontier would be able to assert a claim against Westport outside of Debtor's bankruptcy case.

Although Frontier does not attack Debtor's substantive case for damages, a brief overview of New York law governing the claims asserted in this case is helpful in understanding why partial summary judgment is not appropriate.

### B. New York law pertaining to Debtor's various claims for damages

#### 1. Consequential damages for breach of contract

Under New York contract law, a party injured by a breach of contract may obtain both compensatory and consequential damages. Consequential damages may be awarded when a party's business is hindered, and potential profits are lost as a result of the other party's breach. *Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89, 109-10 (2d Cir. 2007). A party is entitled to consequential damages if (1) the damages have been caused by the breach, (2) the extent of the loss can be proven with reasonable certainty, and (3) the damages were fairly within the contemplation of the parties. *Tractebel*, 487 F.3d at 109 (citing *Kenford Co. v. County of Erie,* 67 N.Y.2d 257, 261 (1986)). Frontier's motion neither challenges Debtor's ability to prove any of these three elements nor alleges that Debtor's recovery of consequential damages will be capped at an amount less than the balance of Frontier's claim.

#### 2. Breach of covenant of good faith

"Under New York law, a covenant of good faith and fair dealing is implicit in all contracts during the course of contract performance." *Tractebel*, 487 F.3d at 98 (citing *Dalton v. Educ. Testing Serv.,* 87 N.Y.2d 384, 389 (1995)). "The covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Tractebel*, 487 F.3d at 98 (internal citation omitted). "[W]hether particular conduct violates or is consistent with the duty of good faith and fair

dealing necessarily depends upon the facts of the particular case, and is ordinarily . . . to be determined by the . . . finder of fact." *Id*. at 98-99 (citations omitted). Debtor has alleged damages in excess of $75,000 on its breach of the covenant of good faith claim. There is insufficient evidence before the Court at this point to find that if Debtor proves its claim against Frontier on this Count its damages will not exceed $1,491,215.76.

    3. *Punitive damages*

Under New York law, punitive damages are recoverable in an ordinary breach of contract case if the conduct associated with the breach is actionable as an independent tort and is sufficiently egregious to warrant the additional imposition of exemplary damages, and if the award would vindicate public (as opposed to solely private) rights. *Tartaro v. Allstate Indem. Co.,* 56 A.D.3d 758, 758-59, 868 N.Y.S.2d 281 (2008) (citing *New York Univ. v. Continental Ins. Co.,* 87 N.Y.2d 308, 315–316 (1995); *Rocanova v. Equitable Life Assur. Socy. of U.S.,* 83 N.Y.2d 603, 612 (1994)). Not having heard evidence in the case, the Court is unable to find that it would not impose punitive damages if Debtor prevailed on its breach of contract claim.

  C. *Frontier's Motion*

Frontier asserts that Debtor, as the party bearing the ultimate burden of proof, has failed to show that it can prove up a case for unjust enrichment or breach of good faith, or for consequential or punitive damages that exceed Frontier's claim for unremitted premiums. It is premature for the Court to assume that these counts are without merit. Moreover, Frontier's argument that it is entitled to premiums that were not remitted to Frontier or transferred to Congressional Re ($1,491,215.76) is premature. In my prior opinions in the case I did not rule on whether the failure to remit the remaining funds constituted a breach of the Agreement. In fact,

6

as the February Opinion provides, Debtor may yet prove up an effective defense to liability for that amount. See *In re Black, Davis and Shue Agency, Inc.*, 471 B.R. 381, 412 (Bankr. M.D. Pa. 2012) (acknowledging that the record on Frontier's motion to dismiss did "leave the door open for Debtor to establish some other basis for excusing Debtor's failure to remit all premiums received . . . ."). Thus, I cannot accept the fundamental premise of Frontier's argument that is entitled to partial summary judgment of $1,563,720.02 out of total damages of $3,651,935.79 because there will be sufficient funds remaining to compensate Debtor for any damages that it is awarded.

Debtor asserts that it cannot estimate the dollar value of its additional losses because it needs additional time for discovery.[5] Given the complexity of the allegations in the matter before me, the acrimony on both sides that has marred the progress of discovery, and the fact that Frontier's placement into receivership may have hampered its ability to produce all requested materials, I am loathe to decide that Debtor's ongoing discovery efforts will prove fruitless. For this reason as well, partial summary judgment must be denied.

---

[5]The pace of the litigation between the parties has rarely exceeded a slow creep in the eight years since Frontier filed its Complaint against Debtor in New York. The transfer of the proceedings to this Court has neither quickened the parties' efforts nor promoted cooperation between them. On November 12, 2012, Debtor filed a motion accusing Frontier of unnecessary delay in producing discovery and requesting an extension of the discovery deadlines. After a hearing, an Order was entered on December 18, 2012 to extend the deadline for written discovery to January 12, 2013, but otherwise leaving other discovery deadlines unchanged. On March 7, 2013, the roles of accused and accuser were reversed when Frontier requested a further extension of discovery on the grounds that Debtor was guilty of unnecessary delay in producing requested documents.

An appropriate Order will be entered.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

*Date: March 20, 2013*

8